IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ORLANDO PEREZ ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| ) | CIVIL ACTION NO. |
| ANDROSCOGGIN COUNTY, MAINE, ) | |
| ANDROSCOGGIN COUNTY (MAINE) ) | **COMPLAINT** |
| SHERIFF'S DEPARTMENT, ) | **JURY TRIAL DEMANDED** |
| CARSON CARVER and JOHN DOES 1-3 ) | |
| ) | |
| Defendants ) | |

Plaintiff Orlando Perez, by and through his undersigned attorneys, hereby files suit against the above-captioned Defendants, and in support thereof states as follows.

## SUMMARY OF CLAIMS

This is an action brought by a former inmate of the Androscoggin Jail, Auburn, Maine, seeking damages for an assault upon him by corrections officer(s) then employed by the Androscoggin County Sheriff's Office, at the Jail, in violation of his civil rights.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action against the Defendants pursuant to 42 U.S.C. §1983 as well as 28 U.S.C. § 1331. This Court has jurisdiction over the pendant state law tort claims pursuant to 28 U.S.C. §1367(a).

2. Venue is properly vested in this Court because Plaintiff and the Defendants are residents of this District and the acts complained of occurred within the jurisdiction of this District (specifically, Androscoggin County, Maine).

## PARTIES

3. Plaintiff Orlando Perez is an individual and a resident of Windham, Cumberland County, Maine.

4. Defendant Androscoggin County, Maine is a political unit of the State of Maine. At all relevant times hereto, Defendant Androscoggin County, Maine acted by and through its agents, servants and/or employees. The Defendant County is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at the Androscoggin County Sheriff's Office, through its various agencies, agents, departments, representatives, officials, and/or employees.

5. Defendant Androscoggin County (Maine) Sheriff's Office is the sheriff's office of and for Defendant Androscoggin County (Maine) and the entity charged with operation of the Androscoggin County Jail.

6. Defendant Corrections Officer Carson Carver is an individual and, upon information and belief, was, at all times relevant, an employee of Defendants Androscoggin County and the Androscoggin County Sheriff's Office, employed at the Androscoggin County Jail.

7. Defendants John Does (1-3) are Corrections Officers involved directly or indirectly in the subject assault and violations of Plaintiff's civil rights. The specific identity of these defendants are presently unknown to Plaintiff, but upon positive identification will be properly served with process, and their individual names will added to this Complaint in accordance with the applicable federal rules.

## FACTUAL BACKGROUND

8. Plaintiff incorporates by reference all of the above paragraphs as if set forth fully herein.

9. On September 13, 2014, Plaintiff Perez was assaulted by Defendants Carver and John Does 1-3 at the Androscoggin County Jail.

10. Specifically, while in custody and held pronate upon the ground by the weight of Defendant Carver's knee, without Defendant Carver having any legitimate or justifiable purpose therefore, Plaintiff Perez was forcefully taken to the floor, repeatedly punched, possibly kicked (his memory has suffered from his head injuries) and maced.

11. As a result of the assault, Plaintiff Perez was grievously injured including, without limitation upon the generality of the foregoing, suffering eye and head injuries and the loss of five teeth.

12. Despite the assault and injuries, Plaintiff Perez was immediately thereafter denied necessary and requested medical care and treatment by Defendants Carver and John Does 1-3.

13. The assault and subsequent denial of necessary medical care were the product of the absence of appropriate supervision and monitoring of its corrections officers by authorities of Defendants Androscoggin County and the Androscoggin County (Maine) Sheriff's Office and consequent lawlessness within the Jail with consequent suffering to inmates such as Plaintiff Perez, and accordingly represented and was the result of a policy or custom of Defendants Androscoggin County and the Androscoggin County (Maine) Sheriff's Office.

## COUNT I
### USE OF UNREASONABLE, MALICIOUS AND/OR EXCESSIVE FORCE AND DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS VIOLATION OF CIVIL RIGHTS

14. Plaintiff incorporates by reference all of the above paragraphs as if set forth fully herein.

15. The actions and inactions of the Defendants as described above constitute willful and wanton misconduct in disregard of the rights, health, well-being and safety of Orlando Perez including, among other things, an unlawful assault and unreasonable, malicious, excessive and dangerous force by the Defendants, as well as a denial of access to medical care and treatment for legitimate medical needs once the assault had occurred, and warrant, respecting Defendants Carver and John Does 1-3, the imposition of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages far in excess of the minimum jurisdictional threshold of this Court, for punitive damages against Defendants Carver and John Does 1-3, for his reasonable attorneys fees and costs and for such other, further and additional relief as this Court deems just and appropriate.

## COUNT II
### ASSAULT AND BATTERY

16. Plaintiff incorporates by reference all of the above paragraphs as if set forth fully herein.

17. The foregoing actions and omissions constitute actionable assault(s) and battery(s) upon Orlando Perez.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and

severally, for compensatory damages far in excess of the minimum jurisdictional threshold of this Court, for punitive damages against Defendants Carver and John Does 1-3, for his reasonable attorneys fees and costs and for such other, further and additional relief as this Court deems just and appropriate.

## COUNT III
## FAILURE TO TRAIN AND SUPERVISE PERSONNEL
## VIOLATION OF CIVIL RIGHTS

18. Plaintiff incorporates by reference all of the above paragraphs as if set forth fully herein.

19. Orlando Perez enjoyed fundamental and well-established rights to be free from unlawful assault, unreasonable, malicious, excessive and dangerous force by the Defendants, and to not be denied access to medical care and treatment for legitimate medical needs once he had been assaulted.

20. The said unlawful assault, unreasonable, malicious, excessive and dangerous force by the Defendants and denial of access to medical care and treatment for legitimate medical needs once he had been assaulted violated Orlando Perez's substantive rights guaranteed by the United State Constitution.

21. The violations of Orlando Perez's substantive constitutional rights, and his resulting injuries, were caused by Defendants Androscoggin County and Androscoggin County (Maine) Sheriff's Office's failure(s) to properly supervise, educate, instruct, train and/or control their personnel.

22. The foregoing failures of Defendants Androscoggin County and Androscoggin County (Maine) Sheriff's Office constitute willful and wanton misconduct in disregard of the rights, health, well-being and safety of Orlando Perez.

5

**WHEREFORE**, Plaintiff demands judgment against Defendants Androscoggin County and Androscoggin County (Maine) Sheriff's Office jointly and severally, for compensatory damages far in excess of the minimum jurisdictional threshold of this Court, for his reasonable attorneys fees and costs and for such other, further and additional relief as this Court deems just and appropriate.

## COUNT IV
## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

23. Plaintiff incorporates by reference the above referenced paragraphs as if set forth fully herein.

24. In committing the actions and/or inactions described above and herein, Defendants Carver and John Does 1-3 were acting, at all relevant times, within the course and scope of their employment for/with Defendants Androscoggin County and Androscoggin County (Maine) Sheriff's Office.

25. The said Defendants Androscoggin County and Androscoggin County (Maine) Sheriff's Office are liable as principals for all torts committed by their respective agents and/or employees upon Orlando Perez.

**WHEREFORE**, Plaintiff demands judgment against Androscoggin County and Androscoggin County Sheriff's Office jointly and severally, for compensatory damages far in excess of the minimum jurisdictional threshold of this Court, for his reasonable attorneys fees and costs and for such other, further and additional relief as this Court deems just and appropriate.

## COUNT V
## <u>NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)</u>

26. Plaintiff incorporates by reference all of the above paragraphs as if set forth fully herein.

27. By virtue of the foregoing, Defendants have intentionally or recklessly, or negligently, committed extreme and outrageous conduct or their conduct was by its nature certain or substantially certain to cause severe emotional distress to Plaintiff Perez.

28. To the extent that Defendants Carver and John Does 1-3's conduct was intentional or reckless, Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency.

29. By virtue of the said conduct, Plaintiff Perez has suffered severe emotional distress, so severe that no reasonable individual could be expected to endure it.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages far in excess of the minimum jurisdictional threshold of this Court, for punitive damages against Defendants Carver and John Does 1-3, for his reasonable attorneys fees and costs and such other, further and additional relief as this Court deems just and appropriate.

**A jury trial is demanded.**

DATED at Lewiston, Maine this 10TH day of December, 2015.

/s/David Van Dyke, Esq.
Lynch & Van Dyke
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@hlrvd.com

*Attorney for Plaintiff Orlando Perez*

7