UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ORLANDO PEREZ,<br><br>    Plaintiff<br><br>v.<br><br>CARSON CARVER, et al.,<br><br>    Defendants | DOCKET NO. 2:15-cv-0505-NT<br><br>**ANSWER OF DEFENDANT CARSON CARVER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES** |

NOW COMES Defendant CARSON CARVER (hereinafter Defendant Carver), by and through his attorneys, Richardson, Whitman, Large & Badger, and answers Plaintiff's Complaint as follows:

## SUMMARY OF CLAIMS

The allegations contained in this Paragraph of the Plaintiff's Complaint comprise a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant Carver denies the same and demands strict proof thereof.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## JURISDICTION AND VENUE

1. The allegations contained in this Paragraph of the Plaintiff's Complaint comprise a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant Carver denies the same and demands strict proof thereof.

2. The allegations contained in this Paragraph of the Plaintiff's Complaint comprise a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant Carver denies the same and demands strict proof thereof.

## PARTIES

3. Defendant Carver is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

4. Defendant Carver is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

5. Defendant Carver is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

6. Defendant Carver admits that he was employed at the Androscoggin County Jail. Defendant Carver has insufficient knowledge of the remaining allegations and therefore denies same and demands strict proof thereof.

7. Defendant Carver is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the

Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

## FACTUAL BACKGROUND

8. Defendant Carver repeats and reaffirms the responses to Paragraphs 1 through 7 with the same force and effect as if more fully set forth herein.

9. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

10. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

11. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

12. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

13. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## COUNT I
## USE OF UNREASONABLE, MALICIOUS AND/OR EXCESSIVE FORCE AND DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS VIOLATION OF CIVIL RIGHTS

14. Defendant Carver repeats and reaffirms the responses to Paragraphs 1 through 13 with the same force and effect as if more fully set forth herein.

15. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## COUNT II
## ASSAULT AND BATTERY

16. Defendant Carver repeats and reaffirms the responses to Paragraphs 1 through 15 with the same force and effect as if more fully set forth herein.

17. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## COUNT III
## FAILURE TO TRAIN AND SUPERVISE PERSONNEL
## VIOLATION OF CIVIL RIGHTS

18. Defendant Carver repeats and reaffirms the responses to Paragraphs 1 through 17 with the same force and effect as if more fully set forth herein.

19. The allegations contained in this Paragraph of the Plaintiff's Complaint comprise a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant Carver denies the same and demands strict proof thereof.

20. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

21. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

22. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## COUNT IV
## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

23. Defendant Carver repeats and reaffirms the responses to Paragraphs 1 through 22 with the same force and effect as if more fully set forth herein.

24. Defendant Carver is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

25. Defendant Carver is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this Paragraph of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## COUNT V
## NEGLIGENT/INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS (ALL DEFENDANTS)

26. Defendant Carver repeats and reaffirms the responses to Paragraphs 1 through 25 with the same force and effect as if more fully set forth herein.

27. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

28. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

29. The allegations contained in this Paragraph of the Plaintiff's Complaint are denied.

WHEREFORE, Defendant Carver demands that the Plaintiff's Complaint be dismissed with prejudice, and that Defendant Carver be awarded his costs.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The claims against Defendant Carver are barred or limited by qualified and/or absolute immunity.

3. Plaintiff's damages were directly and proximately caused by the acts and/or omissions of an individual and/or entity other than Defendant Carver.

4. Plaintiff's damages were directly and proximately caused by a legally sufficient superseding/intervening cause.

5. Plaintiff has failed to mitigate his damages as required by law.

6. Plaintiff's claims are barred by the Prison Litigation Reform Act, 42 U.S.C. Section 1997, et. seq.

7. Plaintiff's claims are barred by his failure to comply with the provisions of the Maine Tort Claims Act, including but not limited to, the notice provisions.

8. Defendant Carver is entitled to immunity under the Maine Tort Claims Act.

9. Defendant Carver reserves the right to argue that Plaintiff has failed to mitigate his damages.

10. Plaintiff's alleged damages were caused by his own actions and contributory and/or comparative fault.

11. Plaintiff's claims are barred by the doctrine of justification and/or self-defense.

12. Plaintiff has failed to state a claim for punitive damages.

13. Plaintiff's claims are barred by his failure to exhaust administrative remedies.

14. Plaintiff's alleged damages were the result of unrelated, pre-existing, or subsequent conditions unrelated to Defendant Carver's alleged conduct.

15. Defendant Carver adopts and incorporates by reference herein any and all affirmative defenses asserted by any of the other Defendants in this case, either previously or in the future.

DATED at Portland, Maine this 21st day of January, 2016.

/s/ Elizabeth G. Stouder
Elizabeth G. Stouder, Esq.

/s/ Heidi J. Hart
Attorneys for Defendant
Carson Carver

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P. O. Box 9545
Portland, ME 04112-9545
(207) 774-7474

## CERTIFICATE OF SERVICE

I, Elizabeth G. Stouder, attorney for Defendant Carson Carver, hereby certifies that the Answer and Affirmative Defenses of Defendant Carson Carver has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all attorneys of record.

Date: January 21, 2016          /s/ Elizabeth G. Stouder
                                Elizabeth G. Stouder